17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rogelio GOMEZ-ARAUZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9536.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1994.
 
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Rogelio Gomez-Arauz petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA ordered petitioner's deportation and dismissed his appeal from an order of the immigration judge (IJ) which found him deportable and denied his requests for suspension of deportation and voluntary departure. We exercise jurisdiction under 8 U.S.C. 1105a, and affirm.
 
 
 3
 Petitioner, a native and citizen of Panama, entered the United States as a nonimmigrant visitor in September 1975. After having his status adjusted to nonimmigrant temporary worker, petitioner was authorized to remain here until December 1980. He stayed without permission beyond that date. At a hearing before an IJ in August 1990, petitioner conceded deportability but sought a discretionary suspension of deportation pursuant to 8 U.S.C. 1254(a), and voluntary departure pursuant to 8 U.S.C. 1254(e). The IJ found that petitioner had failed to establish that his deportation would cause extreme hardship to himself or to his family who legally reside here, see 8 U.S.C. 1254(a)(1), and denied petitioner the privilege of voluntary departure. The BIA affirmed. Petitioner challenges the BIA's discretionary decision that he failed to demonstrate extreme hardship.
 
 
 4
 We review the BIA's determination that petitioner failed to establish extreme hardship for an abuse of discretion, but even that review is limited to scrutinizing the BIA's decision for procedural regularity. Turri v. INS, 997 F.2d 1306, 1308-09 (10th Cir.1993). Based upon our review of the briefs and the record on appeal, we conclude that the BIA considered all factors relevant to petitioner's claim of extreme hardship. Cf. id. at 1310-11 (reversing because court could not tell from BIA decision that BIA considered all factors relevant to that petitioner's claim). Therefore, the BIA did not abuse its discretion in denying suspension of deportation under 8 U.S.C. 1254(a).
 
 
 5
 The petition for review is DENIED, and the decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470